IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:04-cr-00379 (RCL) |
| ) | |
| ALVIN GASKINS, ) | |
| Defendant. ) | |

## MOTION TO COMPEL DISCOVERY

Alvin Gaskins, through counsel, hereby moves this court to compel complete responses to his discovery requests.

**Certification**

The parties had a series of phone conversations in the first two weeks of March to try and resolve these issues in good faith, but were unable to come to an agreement.

## Selected Legal Standards

Fed. R. Civ. P. 33(a)(2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…

(3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

(4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

Page 1

**Argument**

In an effort to most efficiently proceed through the discovery process, Mr. Gaskins first submitted three requests for admission. If the government did not admit to any particular request, this triggered several interrogatories, so the undersigned, and the court, could understand the basis for the refusal to admit. Mr. Gaskins also included one "contention" interrogatory, and two requests for production of documents. These discovery requests are attached as Exhibit A.

While Rule 33 permits up to 25 interrogatories, and unlimited requests for documents, Mr. Gaskins only submitted three interrogatories and five document requests, each laser-focused on the essential elements of the statute. These interrogatories are so basic as to arguably constitute mandatory disclosure under Fed. R. 26(a)(1)(B)(ii).  This should be noted when the government complains that these requests are overburdensome.

The government denied each request for admission, thus triggering the need to respond to interrogatories. Unfortunately, its responses to the interrogatories were evasive and non-substantive.

**The Government's objections are improper, and incorrect.**

Under Rules 33(b)(4) and 34(b)(2)(B), objections must be stated with specificity. Despite repeated admonishments from countless federal courts in every circuit, litigants still include and attempt to rely upon "general objections" in their discovery responses. "Federal discovery rules and the cases interpreting them uniformly finding the 'boilerplate' discovery culture impermissible are not aspirational, they are the law." *Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 190 (N.D. Iowa 2017). *See generally* Berman, Michael, "General Objections, Dracula, and "Whac a Mole," available at www.ediscoveryllc.com/general-objections-dracula-and-whac-a-mole/) (last retrieved 4/13/25) (collecting cases and commentary). The rules to not permit litigants to incorporate pages of objections in each response, therefore they will be disregarded in this motion.

**The government's responses to RFA 2 and Request 2.3 were nonresponsive**

Page 2

Mr. Gaskins submitted the following request for admission:

REQUEST NO. 2: Please admit that the government holds no evidence that Dream Team Investigations was involved in the drug conspiracy for which Mr. Gaskins was convicted.

RESPONSE: The government objects to this request to the extent that it is vague and on the basis of the above-listed general objections. The government objects to this request to the extent it requests information already in the record.

> Subject to the foregoing objection, the government does not admit that the government holds no evidence that Dream Team Investigations was involved in the drug conspiracy for which Mr. Gaskins was convicted. On the contrary, the government's trial evidence, which is part of the public record, established that defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy.

Standing alone, the government's response to this Request for Admission would be within the rules, if filed in good faith. However, it becomes a violation when read along with the government's response to Request No 2.3.

REQUEST NO. 2.3: Please identify and describe, with specificity, all evidence that the government has to support its contention that that Dream Team Investigations was not a legitimate investigative company, or that Dream Team Investigations was involved in the drug conspiracy for which Mr. Gaskins was convicted **and explain how this evidence supports the government's contention**.

RESPONSE TO REQUEST NOS. 2.1-2.3: The government objects to these requests to the extent that they are vague and on the basis of the above-listed general objections. The government objects to these requests to the extent that they request information already in the record of this case.

Subject to the foregoing objections, the discovery previously disclosed to the defense in this case, and the government's trial evidence, which is part of the public record, established that defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy. Notes in the government's trial file indicated that Defendant Gaskins was previously provided with DTI financial records in April 2006. However, as a courtesy we are providing, pursuant to the agreed-upon protective order, the enclosed DTI SunTrust Bank records, the DTI SunTrust Bank payroll records, and Defendant Gaskins' earning and leave statements.

This response is inadequate. The undersigned and various staff over the years have reviewed and digested the entire trial record. Despite this review, we simply cannot find a single piece of evidence that supports the contention that DTI was not a legitimate investigative company. For

example, a review of the records did not demonstrate a volume or size of transactions that would suggest DTI was being used to launder money. Transaction volume was low, there were tax payments commensurate with the volume of business. The business records support Mr. Gaskins' recollection of his time working at DTI, and shows and business that could support the modest salaries paid by DTI.

The government answered half the question, that is, identifying some evidence, but gave no response whatsoever to the most important part: to explain how that evidence supports the government's contention.

In civil ligation, a party must be able to support its contentions to be permitted to argue them. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a ... paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that … (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.") Far from being objectionable in any way, Mr. Gaskins is simply asking the government to explain how the evidence supports its contentions.

If the government refuses to admit that it has no evidence, than it must be compelled to disclose what evidence it has. It cannot have it both ways.[1]

Furthermore, it is unreasonable for the Government to place the burden of reviewing the lengthly trial record upon the court. And should this case return to the Circuit for the third time, it would be difficult for it to make a reasoned review of the record without whatever evidence was used to reach its conclusion on Mr. Gaskins' innocence or guilt being front and center.

If the government is not compelled to either a) admit that there is no evidence or b) identify the evidence and explain why its relevant, the undersigned would have no option other than to file the tens of thousands of pages of evidence it has and state that there is nothing in the evidence to support the

---

1  It is particularly unreasonable to rely upon the *conclusions* of a trial that was overturned on appeal for lack of evidence. Conclusions are not evidence.

Page 4

government's contention. This would be absurd, and not produce a record capable of meaningful review.

### The responses to Requests No. 3, 3.1 and 3.2 were inadaquate

For the same reason as in the previous section, the government's following responses were inadaquate.

>REQUEST NO. 3: Please admit that the government is in possession of no evidence that Mr. Gaskins, through neglect or misconduct, brought about his own prosecution.

>RESPONSE: The government objects to this request to the extent that it is vague and on the basis of the above-listed general objections. The Government objects to this request to the extent it requests information already in the record.[2]

>Subject to the foregoing objection, the Government does not admit that the government holds no evidence that Mr. Gaskins, through neglect or misconduct, brought about his own prosecution. On the contrary, the government's trial evidence, which is part of the public record, established that defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy.

REQUEST NO. 3.1: If you contend that Mr. Gaskins brought about his own prosecution through misconduct or neglect, please state exactly which actions you believe Mr. Gaskins took that constituted misconduct or neglect, the approximate date of said actions, and specifically how those actions brought about his prosecution. If you do not make this contention, please so state.

REQUEST NO. 3.2: If you contend that Mr. Gaskins brought about his own prosecution through misconduct or neglect, please produce all documents, other than those already in the trial record, to support this contention. [sic] about his own prosecution through misconduct or neglect, please state exactly which actions you believe Mr. Gaskins took that constituted misconduct or neglect, the approximate date of said actions, and **specifically** how those actions brought about his prosecution. [emphasis in original].

RESPONSE TO REQUEST NOS. 3.1 & 3.2: The Government objects to these requests to the extent that they are vague and on the basis of the above-listed general objections. The government objects to these requests to the extent that they seek information already in the record.

Subject to the foregoing objection, the government's trial evidence, which is part of the public record, established that the defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy.

---

2   It is difficult to understand how a request for admission can request information already in the record. During the discovery conferences, the Government did not give any indication that the request was vague.

Page 5

The government twists itself in knots to avoid disclosing anything of substance. First, the government will not admit that it has no evidence that Mr. Gaskins brought about his own prosecution through misconduct or neglect. If that is a good-faith admission, then that means that the government must have evidence.

The government did not respond to the questions posed. If the government contends in this litigation that he brought about his own prosecution through misconduct or neglect, it needs to support this contention with evidence. A conclusion is not evidence. If it contends that Mr. Gaskins brought about his own prosecution, they need to explain, in plain English, without just vaguely pointing to thousands of pages of trial records, what he did to bring it. And if it cannot point to any actual evidence, than it needs to admit that it has none.

### The responses to requests 4 and 5 were incomplete

REQUEST NOS. 4 & 5: If you contend that Mr. Gaskins **knowingly** participated in the conspiracy for which he was charged, please identify all evidence of Mr. Gaskins state of mind that either supports or casts doubt upon that contention. If you do not have any evidence that demonstrates Mr. Gaskins knowingly participated in the conspiracy, please so state. To be clear, this interrogatory is requesting a list of the actions by which you claim Mr. Gaskins participated in the conspiracy, and a list of all evidence that you contend demonstrates Mr. Gaskins' "knowing" state of mind. Please produce all documents, not already in the trial record, that supports or casts doubt on the proposition that Mr. Gaskins **knowingly** participated in the conspiracy for which he was charged. [emphasis in original]

RESPONSE: The government objects to this request to the extent that it is vague and on the basis of the above-listed general objections. The government objects to this request to the extent it is overbroad and requests information already in the record.

Subject to the foregoing objection, ECF NO. 254-4 provides an Overt Act Analysis as to Gaskins. Additionally, all pre-trial discovery provided to Defendant Gaskins and all evidence introduced during Defendant Gaskins' trial also goes to Gaskins' state of mind. Subject to the foregoing objection, the government's trial evidence, which is part of the public record, established that the defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy.

This response is inadequate, and does nothing more than send Mr. Gaskins on a

Page 6

wild goose chase. ECF 254-4 is an attachment to Mr. Gaskins' motion to sever his trial from the other defendants. The document includes 22 indeterminate accusations of "overt acts" identified only by count numbers and barebones descriptions of the accusations. The government did not even attempt to prove all these allegations at trial, so pointing to it at this date serves no purpose other than to avoid answering the question.

ECF 254-4 cannot even be evidence under any interpretation of the Federal Rules; it is merely a chart of allegations against Mr. Gaskins. It is, *at least,* hearsay within hearsay within hearsay. To the extent that the government is asserting that it is adopting this document as its position as to what overt acts Mr. Gaskins' committed, this assertion would be in bad faith. For example, the government apparently alleges now that Mr. Gaskins "Possessed in Virginia items for narcotics distribution" and that this shows his knowing state of mind. However, no evidence of this exists in the trial record.

## **Conclusion**

For 24 years now, the Government has maintained its position on Mr. Gaskins' guilt as a part of a conspiracy, but to this very day, it has failed to produce a single piece of relevant evidence to support its contentions as to him, personally. The civil rules "[S]hould be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed R. Civ. P. 1. Basic justice requires Mr. Gaskins the opportunity to see and confront the evidence against him. This is listed as one of the 10 due process elements required for a fair hearing by the famous Judge Thomas Friendly. *See* Friendly, J., "Some Kind of Hearing", U Penn. L. Rev. 1267, 1282-83 ("There can likewise be no fair dispute over the right to know the nature of the evidence on which the administrator relies.") The government cannot gesture vaguely at the incredibly voluminous record and state, in effect, "Your evidence is in there, good luck!"

Mr. Gaskins respectfully requests that the government be ordered to provide full, accurate responses to Mr. Gaskins' discovery requests. This means that, at a minimum, the government must either a) provide full answers to Mr. Gaskins interrogatories and identify, with specificity, what evidence it has to support its contentions, or b) Admit that it is aware of no evidence to support its contentions.

Respectfully submitted,

_____/s/_____
Daniel Hornal, D.C. Bar # 1005381
Talos Law
615 E Chestnut St.
Bellingham, WA 98225
(202) 709-9662
daniel@taloslaw.com
Attorney for Mr. Gaskins

Page 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 1:04-cr-00379 (RCL)** |
| ) | |
| **ALVIN GASKINS,** ) | |
| Defendant. ) | |

## **Proposed Order**

On consideration of Mr. Gaskins' motion to compel and all argument from counsel, it is hereby ORDERED that the motion is granted. The government shall, within 30 days, serve discovery responses that identify with specificity any and all evidence that supports the government's contentions, and shall explain within its responses how that evidence supports said contentions, or amend its responses to requests for admission to admit that it lacks evidence for said contentions.

_____
Judge

**Certificate of Service**

On April 14, 2025, a copy of the forgoing motion was electronically filed and served upon all necessary parties.

_____/s/_____
Daniel Hornal, D.C. Bar # 1005381
Talos Law
615 E Chestnut St.
Bellingham, WA 98225
(202) 709-9662
daniel@taloslaw.com
Attorney for Mr. Gaskins