**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 1:04-cr-00379 (RCL)** |
| | ) | |
| **ALVIN GASKINS,** | ) | |
| Defendant | ) | |

**GOVERNMENT'S AMENDED DISCOVERY RESPONSES AND OBJECTIONS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, the United States of America ("Government"), by undersigned counsel, submits the following amended responses and objections ("Responses") to Defendant Alvin Gaskins' June 29, 2023 discovery requests ("Requests"), which are attached. The Court has acknowledged that any discovery from the government at this juncture is in addition to all materials previously disclosed throughout the pendency of the criminal case and all evidence that came out during trial. The Court is familiar with the significant volume of evidence in this case; hence, the Court has significantly limited additional discovery at this juncture.

By its April 12, 2023, Order, the Court ordered the government to provide unredacted copies of the two requested FBI records directly to the Court for *in camera* review. ECF No. 1309. The government provided those records to the Court on July 6, 2023. Pursuant to the agreed-upon protective order (ECF No. 1315), the government has also provided those records to Defendant Gaskins. In its April 12, 2023 Order, the Court also directed the government to produce any additional Dream Team Investigations' bank records that were not previously disclosed to Defendant Gaskins. The government has made a good faith effort and searched through trial boxes and confirmed (by referencing a Discovery Log prepared by the prosecutors at the time) that Dream Team Investigations financial records were disclosed to the defense prior to trial in April

1

2006. Further, the government introduced evidence during trial including Dream Team Investigations pay stubs and a 6-page document that included business plan notes for Dream Team Investigations, prepared by Tyrone Thomas.[1] All of those items were exhibits presented during the defendant's public trial, were previously provided to the defense through the trial record of this case, and are outside the scope of the Court's April 12, 2023 Order. As we explain below, the government is under no duty to provide Defendant Gaskins with material previously provided to him, or material that is part of the public record of this case.

In the same April 12, 2023 Order, the Court permitted the defendant to submit a limited set of interrogatories and document requests, which he has done. *See* Attached Requests. The government provided Mr. Gaskins with discovery responses on August 31, 2023. Since then, the Court heard from the defendant during an evidentiary hearing on December 11, 2023. The government now provides Mr. Gaskins with these amended responses. The Court has ordered the parties to confer and submit a Joint Status Report by March 7, 2025.

## PRELIMINARY STATEMENT

The government's Responses to Defendant Gaskins' Requests are based upon the information and documents that are presently known and available to the government. Importantly, much of the requested discovery has already been disclosed to the defense in the early 2000s or was introduced during the defendant's trial. The government reserves the right to supplement and amend these Responses if it becomes aware of additional, relevant information.

---

[1] Although the undersigned Assistant United States Attorney does not have immediate access to those trial exhibits at the time of this filing, there are notes in the file indicating that such exhibits were introduced to the jury. The trial exhibits and previously disclosed materials are already part of the record in this case.

The government has made a reasonable and good faith effort to identify the information and documents within its custody and control that might be responsive to Defendant Gaskins' Requests. As the Court has acknowledged, Defendant Gaskins has already received extensive pre-trial discovery in his criminal case, as well as all evidence that was introduced during his trial.

In order to respond to the Requests, the undersigned has reviewed, *inter alia*: (a) boxes of trial documents that reference financial records, and (b) copies of the two unredacted FBI documents. The government has repeatedly informed Defendant Gaskins, through his attorney, that counsel may personally review the boxes containing discovery and evidence from the criminal case.

Subject to and without waiving the general and specific objections outlined below, and unless otherwise specified in the specific responses below, the government will produce any non-privileged documents in the boxes with financial records that respond to Defendant Gaskins' Requests and that are not already part of the public record or were not previously provided to Defendant Gaskins or his counsel.

## GENERAL OBJECTIONS

1.     The government objects to these Requests to the extent they seek information outside of what was covered in the Court's order, dated April 12, 2023. ECF No. 1309. Much of the requested information has already been provided to Defendant Gaskins through the initial discovery process and during trial in this case.

2.     The government objects to each and every Request to the extent that it requires a search that is oppressive, repetitious, unduly burdensome, unduly expensive, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

3.     The government objects to each and every Request to the extent that it seeks the disclosure of information that would violate the privacy rights of any individual or otherwise would contravene the legal obligations of the Government.

4.     The government objects to each and every Request to the extent that it seeks information that is privileged under law, whether under the attorney-client privilege, as attorney work product and/or any other legally cognizable privilege.

5.     The government objects to each and every Request to the extent that it seeks documents in the possession, custody or control of Defendant Gaskins, or to the extent it seeks documents outside of the possession, custody or control of the government. Notably, all materials previously disclosed to Defendant Gaskins and all evidence that came out during trial is already considered to be in the possession, custody or control of Defendant Gaskins.

6.     The government objects to each and every Request to the extent that it seeks information about documents and personnel at subdivisions of the Department of Justice other than the Federal Bureau of Investigation ("FBI"), or other law enforcement agencies.

7.     Inadvertent disclosure of any information or production of any document(s) containing information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant or immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information or document(s), the subject matter of the information or document(s), or of the government's right to object to the use of any such information or document during any subsequent proceeding in this action or elsewhere.  The government reserves the right to request the return of any inadvertently produced documents that are privileged.

8.     The government submits these responses to the Requests without conceding the relevance or admissibility of the subject matter of any Request, and without prejudice to its right to object to further discovery concerning the subject matter of any Request.  In responding to the Requests, the government does not waive and expressly reserves any and all objections to the authenticity, competency, or materiality at a hearing or trial of any information or documents produced, provided, disclosed, set forth, identified or referred to in these responses.

9.     The failure to object to a Request does not constitute an acknowledgment that any responsive information or documents exist or are in government's possession, custody or control.

## SPECIFIC RESPONSES AND OBJECTIONS

Each of the government's specific responses to these requests is made subject to, and without waiving, the general objections, as if they were restated in full in the responses.

**REQUEST NO. 1**:  Please admit that Dream Team Investigations was a legitimate investigative company.

RESPONSE:  The government objects to this request to the extent that it is vague and on the basis of the above-listed general objections. The government objects to this request to the extent it requests information already in the record.

Subject to the foregoing objection, the government does not admit that Dream Team Investigations was a legitimate investigative company. As the government demonstrated at trial in this case, Dream Team Investigations (DTI) was merely a front for the illegal narcotics trafficking conducted by Defendant and his co-conspirators. *See* December 13, 2019 Order, ECF No. 1273 ("DTI was a front for the drug ring, and hardly pretended to be an honest enterprise . . .")

**REQUEST NO. 2**:  Please admit that the government holds no evidence that Dream Team Investigations was involved in the drug conspiracy for which Mr. Gaskins was convicted.

RESPONSE: The government objects to this request to the extent that it is vague and on the basis of the above-listed general objections. The government objects to this request to the extent it requests information already in the record.

Subject to the foregoing objection, the government does not admit that the government holds no evidence that Dream Team Investigations was involved in the drug conspiracy for which Mr. Gaskins was convicted. On the contrary, the government's trial evidence, which is part of the public record, established that defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy.

### A. Conditional Discovery Requests 2.1-2.3

**REQUEST NO. 2.1**: Please produce all documents pertaining to Dream Team Investigations. This includes but is not limited to any and all business records, any notes written by any person on the subject of Dream Team Investigations (e.g. the "notes and records" for DTI, and the "legal notebook paper with DTI brainstorming ideas" referenced at 690 F.3d 575), financial records, notes, witness statements, or notes or transcriptions of interviews between government agents or informants that discussed Dream Team Investigations. This request does not include any documents that are part of the trial record.

**REQUEST NO. 2.2**: Please produce all documents, other than those in the trial record, which the government has in its possession to support its contention that Dream Team Investigations was not a legitimate investigative company, or that Dream Team Investigations was involved in the drug conspiracy for which Mr. Gaskins was convicted.

**REQUEST NO. 2.3**: Please identify and describe, with specificity, all evidence that the government has to support its contention that that Dream Team Investigations was not a legitimate investigative company, or that Dream Team Investigations was involved in the drug conspiracy

for which Mr. Gaskins was convicted and explain how this evidence supports the government's contention.

RESPONSE TO REQUEST NOS. 2.1-2.3: The government objects to these requests to the extent that they are vague and on the basis of the above-listed general objections. The government objects to these requests to the extent that they request information already in the record of this case.

Subject to the foregoing objections, the discovery previously disclosed to the defense in this case, and the government's trial evidence, which is part of the public record, established that defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy. Notes in the government's trial file indicated that Defendant Gaskins was previously provided with DTI financial records in April 2006. However, as a courtesy we are providing, pursuant to the agreed-upon protective order, the enclosed DTI SunTrust Bank records, the DTI SunTrust Bank payroll records, and Defendant Gaskins' earning and leave statements.

**REQUEST NO. 3**: Please admit that the government is in possession of no evidence that Mr. Gaskins, through neglect or misconduct, brought about his own prosecution.

RESPONSE: The government objects to this request to the extent that it is vague and on the basis of the above-listed general objections. The Government objects to this request to the extent it requests information already in the record.

Subject to the foregoing objection, the Government does not admit that the government holds no evidence that Mr. Gaskins, through neglect or misconduct, brought about his own prosecution. On the contrary, the government's trial evidence, which is part of the public record, established that defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy.

**A. Conditional Discovery Requests 3.1-3.2:**

**REQUEST NO. 3.1**: If you contend that Mr. Gaskins brought about his own prosecution through misconduct or neglect, please state exactly which actions you believe Mr. Gaskins took that constituted misconduct or neglect, the approximate date of said actions, and specifically how those actions brought about his prosecution. If you do not make this contention, please so state.

**REQUEST NO. 3.2**: If you contend that Mr. Gaskins brought about his own prosecution through misconduct or neglect, please produce all documents, other than those already in the trial record, to support this contention. about his own prosecution through misconduct or neglect, please state exactly which actions you believe Mr. Gaskins took that constituted misconduct or neglect, the approximate date of said actions, and specifically how those actions brought about his prosecution.

RESPONSE TO REQUEST NOS. 3.1 & 3.2: The Government objects to these requests to the extent that they are vague and on the basis of the above-listed general objections. The government objects to these requests to the extent that they seek information already in the record.

Subject to the foregoing objection, the government's trial evidence, which is part of the public record, established that the defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy.

**REQUEST NOS. 4 & 5**: If you contend that Mr. Gaskins knowingly participated in the conspiracy for which he was charged, please identify all evidence of Mr. Gaskins state of mind that either supports or casts doubt upon that contention. If you do not have any evidence that demonstrates Mr. Gaskins knowingly participated in the conspiracy, please so state. To be clear, this interrogatory is requesting a list of the actions by which you claim Mr. Gaskins participated in the conspiracy, and a list of all evidence that you contend demonstrates Mr. Gaskins' "knowing"

state of mind. Please produce all documents, not already in the trial record, that supports [sic] or casts [sic] doubt on the proposition that Mr. Gaskins knowingly participated in the conspiracy for which he was charged.

RESPONSE: The government objects to this request to the extent that it is vague and on the basis of the above-listed general objections. The government objects to this request to the extent it is overbroad and requests information already in the record.

Subject to the foregoing objection, ECF NO. 254-4 provides an Overt Act Analysis as to Gaskins. Additionally, all pre-trial discovery provided to Defendant Gaskins and all evidence introduced during Defendant Gaskins' trial also goes to Gaskins' state of mind. Subject to the foregoing objection, the government's trial evidence, which is part of the public record, established that the defendant was part of the charged conspiracy, and substantiated the scope and operations of that conspiracy.

**REQUEST NO. 6**: Please produce all documents you believe are relevant to Mr. Gaskins' request for a certificate of innocence, including any documents you intend to produce at the hearing.

RESPONSE: The government objects to this request to the extent it objected to each of Gaskins' other Requests. The government also objects to this request to the extent that it is redundant of the Requests set forth above and because it is overbroad and requests information already in the record of this case or previously exchanged in discovery.

Dated: February 12, 2025

Peter Smith
Chief, Special Proceedings Division

9

By:      */s/ Rachel Forman*
RACHEL FORMAN
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
202-252-6916
Rachel.forman2@usdoj.gov

Attachment – Defense Discovery Requests